IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

```
ANH D. NGUYEN,                    )
                                  )
     Plaintiff,                   )
                                  )
     v.                           )    1:13cv1386
                                  )
JOHN E. POTTER, GENERAL POST      )
MASTER, UNITED STATES POSTAL      )
SERVICE,                          )
                                  )
     Defendant.                   )
```

**M E M O R A N D U M   O P I N I O N**

Plaintiff Anh Nguyen ("Plaintiff") has filed the instant action against Defendant John Potter ("Defendant"), in his official capacity as Postmaster General of the United States, alleging that he was fired from his position with the postal service in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. (Compl. [Dkt. 1] at 1.) Presently before the Court is Defendant's Motion to Dismiss for Lack of Jurisdiction, [Dkt. 10], Motion for Judgment on the Pleadings, [Dkt. 11], and Motion for Summary Judgment, [Dkt. 12]. For the reasons set forth below, the Court will grant Defendant's motions and dismiss this action.

1

## I. Background[1]

Plaintiff, who describes himself as an Asian male of Vietnamese descent, was previously employed as a part-time letter carrier with the United States Postal Service ("USPS"). (Compl. at 2-3.) Plaintiff was stationed at the Reston Branch of the Herndon Post Office until his discharge on January 23, 2012. (Def.'s Mem. of Law [Dkt. 13] at 2, 6.)

This action arises in large part from Plaintiff's interactions with a co-worker, Hyon Kim ("Kim"). In early 2011, Plaintiff began sending Kim emails and text messages and checking her work schedule. (Def.'s Mem. of Law at 2-3.) On May 21, 2011, Kim asked Plaintiff to stop sending her messages because they were unwanted. (*Id.* at 3.) Kim complained to John Kayathara ("Kayathara"), Plaintiff's manager at the Reston Branch. (*Id.*) Plaintiff received counseling regarding his interactions with Kim, but Kayathara did not otherwise initiate disciplinary action. (*Id.*)

Despite the counseling, Plaintiff continued to send Kim unwanted messages. (Def.'s Mem. of Law at 3.) On December

---

[1] The following facts are taken from Defendant's memorandum of law and the attached exhibits. Because Plaintiff failed to file an opposition, they are deemed admitted. *See* Local Rule 56(B) ("[T]he Court may assume that facts identified by the moving party in its listing of material facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion."); *Withers v. Eveland*, 988 F. Supp. 942, 945 (E.D. Va. 1997). During the hearing on this matter, Plaintiff requested leave to file a late opposition and amend his pleadings. The Court will deny Plaintiff's request because, as discussed below, his claims are plainly barred on several grounds and any further litigation would be futile.

19, 2011, Kim again reported Plaintiff's conduct. (*Id.*) That same day, Kayathara held a pre-disciplinary interview ("PDI") with Plaintiff and a union representative. (*Id.*) During the PDI, Kayathara reminded Plaintiff that he could not send Kim messages and again instructed him to stop. (*Id.*) Plaintiff was given an opportunity to explain his conduct but he was unresponsive. (*Id.*) USPS management elected not to remove Plaintiff at that time. (*Id.*)

After the PDI, Plaintiff continued to send Kim messages, which she forwarded to management. (Def.'s Mem. of Law at 4.) Plaintiff's messages contained content such as:

- "you're very important to me . . . you mean lots to me!"

- "I don't feel good today at all . . . even after I sent you email last night . . . it was too short"

- "I've just seen you smiling in my mind . . . I just miss you"

- "don't drink too much and get drunk . . . I don't feel comfortable"

- "I don't feel like to tell you anything today . . . I don't care . . . I only care about you . . . you're my special someone always . . . not them . . . did you go shopping yet?"

- "I miss you every seconds in my life . . . I just see your smiles in my mind recently . . . memory[.]"

(*Id.*)  Plaintiff also gave Kim unsolicited gifts, including an Ipad and money.  (*Id.*)

The USPS held a second PDI on January 9, 2012. (Def.'s Mem. of Law at 5.)  Plaintiff was shown some of the messages and again told to cease his conduct.  (*Id.*)  Management elected to provide Plaintiff with yet another opportunity to conform his behavior.  (*Id.*)

Despite the repeated warnings, Plaintiff did not alter his conduct and he continued to send Kim inappropriate messages. (Def.'s Mem. of Law at 5.)  Accordingly, the USPS issued a Notice of Removal ("NOR") and fired Plaintiff on January 23, 2012.  (*Id.* at 6.)  The NOR states that Plaintiff was terminated for "misconduct/failure to follow instructions."  (*Id.*)  It cites Plaintiff's unsolicited messages to Kim, her repeated complaints to management, Plaintiff's failure to heed numerous warnings from management, and sections of the Employee Labor Relations Manual as well as the applicable collective bargaining agreement.  (*Id.*)

Plaintiff then filed a formal Equal Employment Opportunity Complaint ("EEO Complaint") with the USPS.  (Def.'s Ex. B (as paginated by CM/ECF) at 1.)  In his complaint, Plaintiff checked two boxes alleging discrimination based on "race" and "national origin."  (*Id.*)  Plaintiff did not identify any other types of discrimination.  (*Id.*)  In the explanation

4

section and corresponding attachments, Plaintiff wrote the following:

> On 1/24/2012, a "notice of removal" was delivered to me at my residential address. I feel of being harassed (non-sexual) / violated the EEO law by this action because:
>
> 1) the discipline was issued in a bully way (sent via US mail, written with typos)
>
> 2) There ware lies / accusations and intimidate / manipulative material represented in the letter of discipline
>
> 3) the reasons for discipline are not justifiable / comprehensive
>
> 4) weeks before and after the discipline, my hours were cut maliciously (scheduled to come to work late)
>
> 5) interfere too deep into carriers personal life (harassment – sexually)

(*Id.* at 1-6.)

On May 8, 2012, the USPS issued a letter to Plaintiff accepting his complaint and defining the scope of the investigation to include only "discrimination based on Race (Asian) and National Origin (Vietnamese)." (Def.'s Ex. H.) It did not list retaliation, sexual harassment, or sex discrimination. (*Id.*) The letter further stated that "[i]f you do not agree with the defined accepted issue(s), you must provide a written response specifying the nature of your disagreement within seven (7) calendar days of receipt of this letter[.]" (*Id.*) Plaintiff did not provide a written response.

5

The USPS issued its final agency decision on February 6, 2013, concluding that the evidence did not support a finding of race or national origin discrimination. (Def.'s Ex. E.) Attached was a notice to Plaintiff regarding his appeal rights, which stated that he had thirty days to appeal the decision to the Equal Employment Opportunity Commission ("EEOC"). The notice further provided that if Plaintiff failed to file an appeal within this time period, he must provide an explanation. (*Id.*)

Plaintiff filed an appeal with the EEOC on March 24, 2013, more than six weeks after he allegedly received the agency decision above. (Def.'s Mem. of Law at 7.) Plaintiff's appeal did not include an explanation as to his untimeliness. (*Id.*)

On August 5, 2013, the EEOC issued a decision affirming the USPS's conclusion. (Def.'s Mem. of Law at 7.) Plaintiff did not request reconsideration, and instead filed the instant action on November 8, 2013. Plaintiff's complaint alleges the following claims under Title VII: (1) Race and National Origin Discrimination ("Count I"); (2) Sexual Harassment ("Count II"); and (3) Retaliation ("Count III"). (Compl. at 2-9.) Plaintiff requests a declaratory judgment along with unspecified damages. (*Id.* at 9.)

Defendant first argues that the Court should dismiss this action because Plaintiff failed to administratively exhaust

6

the above mentioned claims. (Def.'s Mem. of Law at 7-12.) Alternatively, Defendant argues that Plaintiff has failed to allege a plausible claim of discrimination under any suitable theory. (*Id.* at 15-20.) Plaintiff did not file an opposition despite sufficient notice, (*See* Roseboro Notice [Dkt. 14]), and thus this matter is uncontested.

## II. Analysis

### A. Retaliation and Sexual Harassment Claims

The Court will first address Defendant's claim that the Court lacks jurisdiction over Plaintiff's sexual harassment and retaliation claims because he failed to properly exhaust his administrative remedies.[2]

A federal employee who seeks to enforce his rights under Title VII in federal court must first exhaust available administrative remedies by seeking relief in the agency that has allegedly discriminated against him. *See Brown v. General Servs. Admin.,* 425 U.S. 820, 832 (1976) (discussing exhaustion requirements for federal employees under Title VII); *Medlock v. Rumsfeld,* 336 F. Supp. 2d 452, 462 (D. Md. 2002) (same). "This

---

[2] In determining whether jurisdiction exists, this Court is to regard the allegations in the complaint as mere evidence on the issue, and may consider facts outside the pleadings. In such circumstances, a district court should apply the standard applicable to a motion for summary judgment, under which the nonmoving party must set forth specific facts to establish jurisdiction. *See Smeltzer v. Potter,* No. 3:10-CV-00178-FDW-DSC, 2010 WL 4818542, at *2 (W.D.N.C. Nov. 22, 2010) (citing *Richmond, Fredericksburg, & Potomac R.R. Co. v. United States,* 945 F.2d 765, 768 (4th Cir. 1991)). Accordingly, in deciding Defendant's Motion to Dismiss for Lack of Jurisdiction, the Court will consider the uncontested facts set forth above.

requirement exists to minimize 'judicial interference with the operation of the federal government.' It also affords an 'agency the opportunity to right any wrong it may have committed.'" *Austin v. Winter,* 286 F. App'x 31, 35 (4th Cir. 2008) (citations omitted). "After the agency itself has rendered a final decision on a federal employee's complaint, the employee has the option to appeal the decision to either the federal district court or to the EEOC. In either case, however, the complainant must file the appeal within 30 days from the final decision." *Holder v. Nicholson,* 287 F. App'x 784, 790 (11th Cir. 2008) (citations omitted).

"[F]ederal courts lack subject matter jurisdiction over Title VII claims for which a plaintiff has failed to exhaust administrative remedies." *Balas v. Huntington Ingalls Indus., Inc.,* 711 F.3d 401, 406 (4th Cir. 2013) (citation omitted); *see also Kobraei v. Alexander,* 521 F. App'x 117-18 (4th Cir. 2013) (precluding federal employee's Title VII suit where she failed to exhaust available administrative remedies). In determining whether a plaintiff has exhausted his administrative remedies, the administrative complaint "defines the scope of the plaintiff's right to institute a civil suit." *Bryant v. Bell Alt. Md., Inc.,* 288 F.3d 124, 132 (4th Cir. 2002). Courts may only exercise jurisdiction over claims encompassed within the original charge and claims "like or

8

related to allegations contained in the charge, or which grow out of such allegations." *Nealon v. Stone,* 958 F.2d 584, 590 (4th Cir. 1992) (citations omitted); *see also Bryant,* 288 F.3d at 132 ("An administrative charge of discrimination does not strictly limit a Title VII suit which may follow; rather, the scope of the civil action is confined only by the scope of the administrative investigation that can reasonably be expected to follow the charge of discrimination."). "In other words, '[i]f a plaintiff's claims in her judicial complaint are reasonably related to her [administrative] charge and can be expected to follow from a reasonable administrative investigation, the plaintiff may advance such claims in her subsequent civil suit.'" *Miles v. Dell, Inc.,* 429 F.3d 480, 491 (4th Cir. 2005) (citation omitted).

Here, Plaintiff alleges that the USPS fired him in retaliation for a prior complaint regarding his reassignment to the Herndon office. (Compl. at 7-8.) Plaintiff, however, never raised the issue of retaliation in his EEO Complaint that forms the basis of this action. (Def.'s Ex. B at 1.) The Fourth Circuit has consistently held that a plaintiff's claim exceeds the scope of the administrative charge where the charge alleges one basis of discrimination and the litigation introduces another independent basis. *See Chacko v. Patuxent Inst.,* 429 F.3d 505, 508 (4th Cir. 2005). Moreover, because this

9

retaliation claim relies on conduct that occurred before his dismissal, Plaintiff clearly had the opportunity to purse such a claim in his administrative proceedings.  *See Wilson v. Dimario*, No. 97-2252, 1998 WL 168346, at *2 (4th Cir. Mar. 31, 1998) (holding that when the alleged retaliation could have been raised in the original complaint, plaintiffs must exhaust their administrative remedies as to this claim); *Burke v. AT & T Technical Servs. Co., Inc.,* 55 F. Supp. 2d 432, 437 n.5 (E.D. Va. 1999) ("[W]hen an employer retaliates against a plaintiff for engaging in some form of protected activity prior to her filing of any charge . . . then plaintiff is not excused from exhausting her administrative remedies.  Thus, when a plaintiff could have alleged retaliation in her original EEOC complaint and fails to do so, she may not thereafter bring a retaliation claim in the courts." (citations omitted)); *see also Steffen v. Meridian Life Ins. Co.,* 859 F.2d 534, 545 (7th Cir. 1988).

Having determined that Plaintiff failed to explicitly state a retaliation claim in the initial administrative charge, the question remains whether Plaintiff can proceed by showing that his retaliation claim was a "kind of discrimination like or related to allegations contained in the charge and growing out of such allegations[.]"  *Jones v. Calvert Grp. Ltd.,* 551 F.3d 297, 302 (4th Cir 2009); *see also Nealon,* 958 F.2d at 590 ("[It is a] generally accepted principle that the scope of a Title VII

10

lawsuit may extend to 'any kind of discrimination like or related to allegations contained in the charge and growing out of such allegations during the pendency of the case[.]'" (citation omitted)); *Chacko*, 429 F.3d at 512 (the exhaustion inquiry depends on whether a "reasonable investigation of [the plaintiff's] administrative charge would have uncovered the factual allegations set forth in formal litigation").

The Court is convinced that none of Plaintiff's other charges are sufficiently related to his current retaliation claim to satisfy this test. A reasonable investigation of Plaintiff's statement that he was discriminated against on the basis of national origin and race would not have uncovered the factual allegations giving rise to Plaintiff's instant retaliation claim. *See Johnson v. Portfolio Recovery Assocs., LLC,* 682 F. Supp. 2d 560, 574 (E.D. Va. 2009) (finding that the employee's retaliation claim was not like or related to race discrimination allegations contained in initial charge and did not grow out of those allegations for administrative exhaustion purposes); *Lowe v. City of Monrovia,* 775 F.2d 998, 1003-04 (9th Cir. 1985) (barring plaintiff's sex discrimination action when charge only mentioned race discrimination). As in *Chacko*, where the court noted that the administrative charges "dealt with different timeframes, actors, and conduct" than was presented

during litigation, here too the judicial complaint diverges from the administrative charge on all three fronts. 429 F.3d at 511.

Finally, although Plaintiff mentioned his former EEO activities during the administrative investigation, he specifically opted not to pursue a retaliation claim. (Def.'s Mem. of Law at 10.) He also responded "not applicable" to all questions regarding retaliation. (*Id.*) Accordingly, even if the issue of retaliation was raised during the administrative process, Plaintiff clearly and specifically abandoned this claim and thus failed to exhaust his administrative remedies. *See Khader v. Aspin,* 1 F.3d 968, 971 (10th Cir. 1993) ("[A] complainant who abandons his or her claim before the agency has reached a determination" cannot "be deemed to have exhausted administrative remedies[.]" (citations omitted)); *Smeltzer,* 2010 WL 4818542, at *3 ("When a plaintiff waives or abandons a claim at the administrative level, the plaintiff effectively fails to exhaust the claims to permit district court review." (citations omitted)).

Plaintiff has likewise failed to exhaust his sexual harassment claim. As noted above, Plaintiff did not mark the box on his EEO Complaint corresponding to sex discrimination. Courts in this circuit have held that where a plaintiff fails to check the appropriate box on the requisite complaint form for the specific type of discrimination being alleged, he has failed

12

to exhaust his administrative remedies and is barred from bringing that claim in federal court. *See Jones,* 551 F.3d at 301 (affirming district court's finding that plaintiff failed to exhaust administrative remedies by not checking the appropriate boxes on her EEOC complaint); *Iannucci v. Rite Aid Corp.,* No. 1:11cv281, 2012 WL 1898914, at *4 (W.D.N.C. May 24, 2012) (finding that plaintiff failed to administratively exhaust her national origin discrimination claim because she failed to check the appropriate box on the relevant form). Courts have also held that if an employee does not challenge the articulation of issues accepted for investigation, as Plaintiff failed to do here, he or she has waived the ability to bring suit based on any unidentified claims. *See Black v. Potter,* No. 4:06–899–TLW–TER, 2008 WL 509475, at *14 (D.S.C. Feb. 21, 2008).[3]

In sum, Plaintiff's failure to exhaust his administrative remedies deprives the Court of jurisdiction to address the aforementioned claims. *See Jones*, 551 F.3d at 300 ("Importantly, a failure by the plaintiff to exhaust administrative remedies concerning a Title VII claim deprives the federal courts of subject matter jurisdiction over the

---

[3] Plaintiff's EEO Complaint does contain the phrase "harassment-sexually." (Def.'s Ex. B.) This is the only statement of its kind, and read in context, it appears Plaintiff was referring to the sexual harassment charges levied against him by Kim. In any event, the above mentioned facts preclude Plaintiff from relying on this ambiguous statement to satisfy the exhaustion requirement. *See Chacko*, 429 F.3d at 508 ("A charge is acceptable only if it is 'sufficiently precise to identify the parties, and to describe generally the action or practices complained of." (citation omitted)).

13

claim."). Accordingly, the Court will grant Defendant's Motion to Dismiss for Lack of Jurisdiction and dismiss Counts II and III.[4]

### B. Race and National Origin Discrimination Claims

Plaintiff's race and national origin claims fail on similar grounds. Although Plaintiff included these claims in his initial administrative complaint, he neglected file a timely appeal with the EEOC. As explained below, this untimeliness precludes judicial review.

First, the Court notes that, unlike a plaintiff's failure to complete the administrative process, the failure to timely exhaust administrative remedies is not a jurisdictional bar. In other words, the complete failure to take appropriate administrative action constitutes a jurisdictional bar, whereas the failure to comply with the timeliness requirement (*i.e.* filing late) is non-jurisdictional. *See Laber v. Harvey,* 438 F.3d 404, 429 n.25 (4th Cir. 2006) (en banc); *see also Bowden v. United States,* 106 F.3d 433, 437 (D.C. Cir. 1997) ("[T]he administrative time limits created by the EEOC erect no jurisdictional bars to bringing suit. Rather, functioning like statutes of limitations, these time limits are subject to equitable tolling, estoppel, and waiver."). Unless the

---

[4] These claims will be dismissed without prejudice because the Court cannot dismiss a claim with prejudice for lack of subject matter jurisdiction. *See Patterson v. State Bureau of Investigation*, 92 F. App'x 38, 38-39 (4th Cir. 2004).

particular timeframes relevant to exhaustion are found within the four corners of the complaint, which is not the case here, such issues are appropriately addressed through summary judgment. *See Green v. Winter,* No. 07-2640, 2008 WL 5273579, at *3 (E.D. Pa. Dec. 19, 2008) ("[I]f matters outside the pleadings are presented to . . . the court, the motion shall be treated as one for summary judgment." (citing Fed. R. Civ. P. 12)).[5]

A motion for summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23 (1986). The burden is on the moving party to establish that there are no genuine issues of material fact in dispute and that it is entitled to judgment as a matter of law. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256 (1986). In reviewing the record on summary judgment, the Court "must draw any inferences in the light most favorable to the non-movant" and "determine whether the record taken as a whole could lead a reasonable trier of fact to find for the non-movant."

---

[5] In light of the Court's conclusion that summary judgment is the appropriate standard to address Plaintiff's race and national origin discrimination claims, the Court will deny Defendant's alternative request for a judgment on the pleadings under Federal Rule of Civil Procedure 12(c). (*See* Def.'s Mem. of Law at 12; Mot. for J. on the Pleadings at 1.)

*Brock v. Entre Computer Ctrs., Inc.*, 933 F.2d 1253, 1259 (4th Cir. 1991) (citations omitted). "[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson,* 477 U.S. at 249.

It is clear from the undisputed facts that Defendant is entitled to summary judgment as to Plaintiff's race and national origin discrimination claims. As already mentioned, a federal employee has thirty days to file an appeal after the agency has rendered a final decision on his or her complaint. *See Holder,* 287 F. App'x at 790. Failure to file an appeal within this window precludes litigation in federal court absent equitable tolling, estoppel, or waiver. *See Teal v. Singleton,* 131 F. App'x 431, 432 (4th Cir. 2005) ("We also find the district court correctly dismissed [the case] on the ground that [plaintiff] failed to timely exhaust her administrative remedies by failing to file an appeal to the EEOC of the USPS's decision within thirty days."); *Bowden,* 106 F.3d at 437 ("[T]he administrative time limits created by the EEOC erect no jurisdictional bars . . . [and] these time limits are subject to equitable tolling, estoppel, and waiver."). In this case, Plaintiff received the agency's final decision denying his claims of race and national origin discrimination on February 9, 2013. Plaintiff then waited until March 24, 2013, to notice his

appeal, making the time between the final decision and the appeal forty-four days.  Because Plaintiff did not appeal within the mandatory thirty day time period, he has failed to timely exhaust his administrative remedies as to these claims.  *See Green,* 2008 WL 5273579, at *3 (finding that the plaintiff did not timely exhaust administrative remedies when filing a notice of appeal thirty-seven days after receipt of the final agency decision). Furthermore, Plaintiff has not alleged any equitable grounds to excuse his delay.  Accordingly, the Court will grant Defendant's Motion for Summary Judgment and dismiss Count I. *See Teal*, 131 F. App'x at 431; *see also Jenkins v. Potter,* 271 F. Supp. 2d 557, 562-63 (S.D.N.Y. 2003) (dismissing plaintiff's discrimination claim where she failed to timely exhaust her administrative remedies and equitable tolling was inapplicable).[6]

### III. Conclusion

For the reasons set forth above, the Court will grant Defendant's motions and dismiss this action.  An appropriate order will follow.

|  |  |
|---|---|
| June 24, 2014<br>Alexandria, Virginia | /s/<br>James C. Cacheris<br>UNITED STATES DISTRICT COURT JUDGE |

---

[6] Even is Plaintiff's claims survived the above mentioned deficiencies, the Court agrees with Defendant that Plaintiff has failed to allege a *prima facie* case of discrimination under any alleged theory. (*See* Def.'s Mem. at 15-20.)

17